■ BETTY A. GROSSMAN et al., Respondents, v COMMERCIAL CAPITAL CORPORATION, Appellant.—Order of the Supreme Court, New York County, entered on April 20, 1977, denying defendant's motion to disqualify counsel for plaintiffs on the ground that he is a principal of plaintiff corporations and is likely to be an important witness at trial, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the motion to disqualify plaintiffs' counsel is granted. In this suit to recover moneys allegedly owing from the liquidation of the assets of the corporate plaintiffs, it is clear and uncontradicted from the examinations before trial that plaintiffs' counsel has real and pertinent knowledge of the facts, and that throughout the relevant business existence of both plaintiff corporations he was not engaged in the active practice of law, but, rather, was engaged on behalf of the corporations in their business activities. Plaintiffs' counsel, most likely, will be called as a witness on behalf of said corporations at trial. The appearance at trial of plaintiffs' counsel in a dual capacity conflicts with the canons of ethics which specifically prohibit a lawyer from accepting litigation and require him to withdraw therefrom where he knows he ought to be called as a witness (Code of Professional Responsibility, canon 5, Disciplinary Rules 5-101 [B] [4] and 5-102 [A]). Counsel's appearance as a witness does not fall within the exception which provides he may continue as a lawyer and testify "As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in a particular case" (DR 5-101 [B] [4] and DR 5-102 [A]). Thus, plaintiffs' allegation of pecuniary hardship alone is insufficient to avoid disqualification, because financial hardship is not synonymous with substantial hardship within the meaning of the exception. The litigation to be tried is relatively simple, inasmuch as plaintiffs claim that defendant received substantially greater proceeds from the liquidation of the corporate assets than it actually credited to the account of the total indebtedness. Although there will be a nonjury trial, that fact does not diminish the unseemly and ineffective position of an advocate who becomes a witness arguing his own credibility (Tru-Bite Labs v Ashman, 54 AD2d 345). Plaintiffs' claim of laches cannot be recognized. Defendant's motion is considered to have been brought in the public interest and therefore is not subject to such claim. (Island Pa-Vin Corp. v Klinger, 76 Misc 2d 180, revd on other grounds 47 AD2d 627; Emle Inds. v Patentex, 478 F2d 562.) Concur—Lupiano, J. P., Birns, Evans and Lane, JJ.