■ EARL E. TOON, Respondent, v CITY OF NEW YORK et al., Defendants, and GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant.—In an action, *inter alia,* to recover damages for assault, false arrest and malicious prosecution, defendant General Motors Acceptance Corporation appeals from an order of the Supreme Court, Kings County, dated March 25, 1977, which denied its motion to dismiss the complaint as against it for failure to state a cause of action. Order affirmed, without costs or disbursements. While it is unlikely that plaintiff-respondent will recover against appellant in this action, particularly in view of the theories set forth in his complaint, we note that paragraph "Forty-Fifth" thereof alleges that appellant did not convey good title to him. Under this circumstance, the complaint is good as a pleading. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ TOWN OF NEW CASTLE, Respondent, v FORUM ASSOCIATES, LTD., et al., Appellants, et al., Defendant.—In an action on a performance bond, defendants Forum Associates, Ltd., Theodore Blatt and Republic Insurance Company appeal from an order of the Supreme Court, Westchester County, dated February 25, 1977, which granted plaintiff's motion to disqualify Arnold Blatt as attorney of record for defendants to the extent of disqualifying the said attorney as trial counsel for the named defendants. Order affirmed, without costs or disbursements. Arnold Blatt, who apparently will be a material witness in the trial of this action, contends that he is the only defendant who has an interest in the outcome of this litigation and that he should, therefore, be allowed to act as counsel not only for himself, but for the other defendants as well. While we agree that he cannot be barred from representing himself, we find that he should be barred from representing the other defendants. Accordingly, the order is affirmed. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ LEWIS WERB et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In an action to recover damages arising from the defendant's refusal to sell two-year discount ticket books following its announcement of a toll increase, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County, dated June 22, 1977, as denied its cross motion for dismissal of the complaint for failure to state a cause of action or for summary judgment. Order reversed insofar as appealed from, on the law, without costs or disbursements, cross motion granted insofar as it seeks summary judgment, and complaint dismissed. Under a resolution dated July 9, 1970 the executive director of the Port Authority was granted the authority to arrange for the sale of two-year discount ticket books upon reasonable terms and conditions. We find that the action of the executive director in limiting the sale of such books to one per customer after the announcement on April 10, 1975 of a proposed toll increase was a reasonable term and condition (cf. *Levine v Long Is. R. R. Co.,* 38 AD2d 936, affd 30 NY2d 907, cert den 409 US 1040). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.