■ RAV REALTY CORP., Plaintiff and Third-Party Plaintiff-Respondent, and AMELIO P. MARINO et al., Plaintiffs and Third-Party Plaintiffs, v UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Third-Party Defendant-Appellant. HARRY A. ADAMS, Doing Business as H. A. ADAMS ASSOCIATES, et al., Defendants and Third-Party Defendants.—Order, Supreme Court, New York County, entered October 24, 1977, which, inter alia, denied defendant's motion to disqualify the law firm representing plaintiff and third-party plaintiff, unanimously reversed, insofar as appealed from, on the law, and the motion to disqualify counsel is granted, with $40 costs and disbursements of this appeal to appellant. RAV Realty Corp. (RAV) sued the Union Federal Savings and Loan Association and others for damages arising from an allegedly wrongful termination of a mortgage commitment. The principals of RAV involved in the negotiation of the mortgage commitment were Amelio P. Marino and Ronald J. Veneziano, who initially had also been named as parties plaintiff. The law firm of Marino & Veneziano represented RAV. The bank moved at Special Term for multiple relief, including the disqualification of the law firm, on the grounds that continued representation would be a violation of the Canons of Ethics. Special Term denied that branch of the bank's motion. We would reverse. Marino & Veneziano undeniably were the representatives of RAV involved in dealing with the bank and the individual defendants, and would in all probability testify at the time of the trial of this suit. The Code of Professional Responsibility provides that "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness" (DR 5-101, subd [B]). It would be unseemly for counsel to be both witness and advocate in the same case since, as advocate, counsel would be arguing in favor of his own credibility. It furthermore unfairly hampers opposing counsel in his cross-examination of the advocate witness. Fairness to all concerned in the conduct of this litigation dictates that here counsel should be disqualified (cf. Tru-Bite Labs v Ashman, 54 AD2d 345). Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.