OPINION OF THE COURT
Bentley Kassal, J.
Defendants move for an order disqualifying the law firm of Brodsky, Linett, Altman, Schecter & Reicher and its counsel, *371 Roy L. Zisser, from continuing to represent plaintiff in the instant action on the ground that said representation violates Canons of the Code of Professional Responsibility. In particular, defendants urge that under DR 5-102 (A) the Brodsky firm and its counsel must be disqualified because Messrs. Brodsky, Linett and Zisser ought to be called as witnesses on behalf of their client in this action for fraud.
Plaintiff opposes disqualification on the grounds that the application is premature because they do not appear to be necessary witnesses since plaintiff’s bookkeeper is available to testify to the events in question. Moreover, they contend that even if the attorneys must be called, they would only testify to matters of formality to which substantial opposition will not be offered, as is permitted by DR 5-101 (B) (2). Defendants argue that the testimony will go to the core of the dispute between the parties, that the bookkeeper could not serve to present testimony as to the fraudulent representations allegedly made by defendant Jonathan Lazrus to Mr. Brodsky since she has no first-hand knowledge of such statements and that the only witness capable of putting forth critical factual elements of the fraud is Mr. Brodsky. The court agrees. It is clear from the deposition of Ms. Cohen, the bookkeeper, that she did not participate in the negotiation of the terms of the lease and has no direct knowledge of the representations made by the landlord upon which plaintiff claims to have relied to its detriment.
It is equally apparent, from the deposition of David Brodsky and Jacob Linett that their relationship to 1776 Associates, Inc., was more than that of attorney-client. Each was a director and shareholder. Mr. Brodsky was the president and Mr. Linett is described as either the secretary-treasurer or vice-president.
The corporate plaintiff, itself, was the lessee of certain office space which, in turn, sublet space and services to the law firm sought to be disqualified and other attorneys and businesses. The relationship between the law firm and the corporation was so close that Mr. Brodsky testified that: "The law firm, and we used in our relationship with the landlord — we used— I would probably be accurate to say we used either 1776 Associates, Inc. stationery or our firm stationery interchangeably.”
Finally, the depositions reveal that the lease negotiations asserted to be the basis for the complaint were conducted by *372 Mr. Brodsky and Mr. Linett, and any misrepresentations were made to one or both of them.
The second and third causes of action are squarely premised on these alleged misrepresentations. Testimony, as to these statements, will not be a mere formality, but, from the pleadings, will be a substantially contested matter. Thus, plaintiffs counsel’s reliance on the exception stated in DR 5-101 (B) (2) to insulate its future conduct is misplaced. Mr. Brodsky and Mr. Linett ought to be called as witnesses, and, therefore they and their firm should be disqualified under DR 5-102 (A) (see RAV Realty Corp. v Union Fed. Sav. & Loan Assn., 63 AD2d 609; Grossman v Commercial Capital Corp., 59 AD2d 850; Tru-Bite Labs v Ashman, 54 AD2d 345).
Plaintiff contends that the appointment of Mr. Zisser as independent trial counsel obviates the problem. At present, however, Mr. Zisser is not substituted counsel for plaintiff, but of counsel to the Brodsky firm. Moreover, defendants argue that Mr. Zisser, too, may be a witness, that they intend to take his deposition and may call him at trial regarding a survey of electrical charges made in 1974 which they claim is relevant to plaintiffs allegation that electrical consumption remained unchanged and may also relate to defendants’ Statute of Limitations, laches and estoppel defenses.
As this court has previously indicated in Ward v Buckwald (NYLJ, July 13, 1978, p 14, col 6), "[tjhough the taking of depositions does not guarantee that the attorneys will be called at trial it would be far more provident to disqualify them at this early stage of the proceedings. Furthermore, 'an advocate who becomes a witness is in the unseemly and ineffective position of arguing his credibility since the functions of an advocate and a witness are inconsistent * * * Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his continuing as an advocate’ ” (Tru-Bite Labs v Ashman, 54 AD2d 345; see Code of Professional Responsibility, EC 5-9, 10).
The court recognizes that the tactic of seeking disqualification of opposing counsel on the basis that such counsel may be called as a witness is fraught with the danger of potential abuse if improperly employed. It may deprive a party of its right to select counsel of its own choosing and may place the party at great disadvantage, economically and otherwise.
In view of the potential for abuse, this court has carefully examined the role of Mr. Zisser who describes himself as "of *373 counsel” to the attorneys for plaintiff. Although he formally resigned from the plaintiffs law firm on May 1, 1978 and "completed his removal to other quarters on August 22, 1978”, he was associated with the law firm at the time this action was commenced and for a substantial period prior thereto. In fact, his affirmation, in which he states that he "knows the facts and circumstances of this case of his own knowledge” describes the corporation’s business procedures "during the nine or more years your affirmant was an associate or member of the firm”. Thus, his role is substantially more extensive than merely that of trial counsel. Under these circumstances, it would not be appropriate for Mr. Zisser to continue to represent plaintiff in view of the real potential that he may be properly called as a witness.
Accordingly, the motion to disqualify the Brodsky firm and its counsel Zisser is granted in its entirety. In view of the foregoing, plaintiffs cross motion to dismiss affirmative defenses and for a protective order is denied without prejudice to renewal upon retention of new counsel.