OPINION OF THE COURT

Per Curiam.

Order entered July 10, 1979 (B. Cohen, J.) is affirmed, without costs.
The plaintiffs are attorneys acting pro se, who seek recovery from the defendant for legal services. The defendant has asserted a number of counterclaims against the plaintiffs, one of which, i.e., the fourth, seeks recovery for slander. Defendant’s fourth counterclaim alleges that the plaintiffs told defendant’s attorney, one Isaac Anolic, that the reason for their refusal to return certain corporate records to the defendant was because the defendant was not solvent.
The plaintiffs moved to disqualify Mr. Anolic from representing the defendant in this action. The defendant cross-moved to disqualify the plaintiffs from representing themselves in this action. The court below denied defendant’s cross motion and granted the plaintiffs’ motion only to the extent of severing defendant’s counterclaim for slander and disqualifying Mr. Anolic from representing the defendant in connection with that counterclaim. Both parties appeal.
Questions concerning disqualification of attorneys as well as broader questions concerning ethical standards for attorneys are considered in the Code of Professional Responsibility, a series of nine canons promulgated by the American Bar Association and adopted by the New York State Bar Association, effective January 1, 1970 (McKinney’s Cons Laws of NY, Book 29, Judiciary Law, Appendix, p 351). Each canon represents an expression of an axiomatic norm, and the canons are further elucidated in ethical considerations and disciplinary rules. The ethical considerations (EC) are "aspirational in character” and represent desired objectives: the disciplinary rules (DR) are, however, mandatory and violation of the rules may result in appropriate penalties (ibid, p 355). While the provisions of the code do not rise to the status of decisional or statutory law, "the courts should not denigrate them by indifference” (Matter of Weinstock, 40 NY2d 1, 6).
DR 5-101(b) generally provides that a lawyer should not accept employment in contemplated or pending litigation if he *538 knows or it is obvious that he ought to be called as a witness. The nature of the defendant’s attorney’s potential testimony here as to allegedly slanderous statements made to him by the plaintiff attorneys constitutes a proper basis for disqualifying him from representing the defendant in connection with the defendant’s counterclaim for slander. The question of the propriety of the plaintiffs’ proceeding pro se herein is clearly within the purview of DR 5-101(B)(3). That section permits lawyer participation and testimony "[i]f the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.” Basically, that is the nature of the testimony that will be required from these plaintiffs, whether represented by others or by themselves, and the disciplinary rule specifically excepts that type of testimony from the category of reasons for disqualification. That these plaintiffs may have to fend off the counterclaims raised by the defendant (failure to perform required services, legal malpractice, slander) is no valid argument for their disqualification. The statute (CPLR 321, subd [a]) specifically provides for prosecution of civil actions by plaintiffs without attorneys and to deny that right is "an abuse of personal liberty” (1 Weinstein-Korn-Miller, NY Civ Prac, par 321:07).
The defendant argues that there were others to whom the slanderous remarks were made, that he may not actually have to use his attorney as a witness, or if he does, he will then use another attorney during that portion of the trial. It is, however, probable that the plaintiffs will and, indeed, may be required to have the defendant’s attorney called as a witness on the slander counterclaim. Thus, even assuming the inapplicability of DR 5-102(A), i.e., where the client will call the attorney, there is little doubt as to the applicability of DR 5-102(B), i.e., where the attorney may be called as a witness other than on behalf of his client. The rationale of the code in requiring the counsel-witness to forego advocacy in the action is well stated in Rav Realty Corp. v Union Fed. Sav. & Loan (63 AD2d 609). "It would be unseemly for counsel to be both witness and advocate on the same case since, as advocate, counsel would be arguing in favor of his own credibility. It furthermore unfairly hampers opposing counsel in his cross-examination of the advocate witness” (see, also, Grossman v Commercial Capital Corp., 59 AD2d 850).
The defendant has failed to establish that were his attorney to be disqualified from representing him on his fourth counter *539 claim, he (the defendant) would incur substantial hardship (DR 5-101[B][4]). Defendant only claims that he has the utmost confidence in Mr. Anolic and that he has a right to Mr. Anolic’s representation. No special expertise on Mr. Anolic’s part is alleged, no claim of unique, complex factors is made, nor is there even a claim of financial hardship to the defendant should he be required to hire a different attorney ("financial hardship”, in any event, "is not synonymous with substantial hardship” — see Gross v Commercial Capital Corp., supra).
Concur: Asch, J. P., Tierney and Riccobono, JJ.