■ EMERALD GREEN HOMEOWNERS' ASSOCIATION, INC., Appellant, v LEE AARON et al., Defendants, and CALVIN BENJAMIN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered June 9, 1981 in Sullivan County, which granted defendants' motion disqualifying Jessel Rothman, P. C., as attorney for plaintiff. Emerald Green Homeowners' Association, Inc. (hereafter Emerald) brought this action against various lot owners in a Sullivan County development to recover recreation fees allegedly due it under defendants' deeds. Defendants maintain they are not liable for the fees because, *inter alia,* Leisure Time Developers, Ltd. (Leisure Time), Emerald's assignor, failed to provide them with usable lots and also neglected to construct the recreation facilities for which the fees are being assessed. To establish this latter defense, defendants rely on lawsuits Emerald previously brought wherein it charged Leisure Time with these very same failures. Jessel Rothman, Emerald's attorney herein, also represented Emerald in those previous actions. When, at an examination before trial of Emerald in this suit, it was Rothman and not the officer produced to testify who responded to virtually all of the questions asked, defendants moved to disqualify Rothman on the ground that they would need to call him as a witness. Special Term's granting of that motion prompted plaintiff's appeal. The Code of Professional Responsibility requires a lawyer to withdraw if, after accepting employment as counsel, he learns he ought to be called as a witness (Code of Professional Responsibility, DR 5-102 [B]). This is because of the inherent impropriety of counsel arguing in favor of his own credibility and the fact that it unfairly impairs his adversary's ability to cross-examine (*RAV Realty Corp. v Union Fed. Sav. & Loan Assn.,* 63 AD2d 609). Here, Rothman was plaintiff's secretary for two years; he obviously knew a great deal more about the salient facts than the witness Emerald produced at the examination before trial. As for defendants' assertion, disputed by Rothman, that he is the only witness who can testify to the facts critical to their defense, an avowal Special Term accepted as bona fide, it is particularly noteworthy that Rothman personally verified one of the complaints in the earlier suit. Though well aware that this ethical canon was not designed to invest the unprincipled with power to disqualify an opponent's attorney by the simple expedient of calling him as a witness, we are also convinced that in the circumstances presented, "the best interests of the client and fairness to all the parties concerned require that all

doubts be resolved in favor of the lawyer testifying and against his continuing as an advocate" (*North Shore Neurosurgical Group v Leivy,* 72 AD2d 598, 599). Order affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.