■ FEDERATED ADJUSTMENT COMPANY, INC., Respondent, v MERRIL SOBIE et al., Appellants. — In a contract action (1) defendants appeal from so much of an order of the Supreme Court, Nassau County (Farley, J.), dated September 30, 1980, as disqualified defendant Merril Sobie as counsel for defendants Hope Sobie and Aetna Casualty and Surety Company, and (2) defendant Hope Sobie appeals from so much of an order of the same court (Burke, J.), dated September 3, 1981, as denied her motion to dismiss the complaint. Order dated September 30, 1980, and order dated September 3, 1981, affirmed insofar as appealed from. Respondent is awarded one bill of $50 costs and disbursements to cover both appeals. Renewed motion by respondent to dismiss the appeal from the order dated September 30, 1980 is denied. Merril and Hope Sobie are husband and wife. They owned a home which was damaged by fire. The Sobies had a fire insurance policy with defendant Aetna Casualty and Surety Company. Plaintiff was retained to adjust the insurance claim, with plaintiff to receive a percentage of the amount of loss paid by the insurance company. The contract to adjust the claim is signed by Merril Sobie and a representative of the plaintiff. Merril Sobie terminated the agreement and advised Aetna that plaintiff no longer represented the assured. Aetna paid the Sobies for their loss and plaintiff brought this action seeking the designated percentage in the contract. Hope Sobie moved to dismiss the action claiming that she was not a signatory to the contract. The plaintiff, conceding that Hope was not a signatory, asserted, in an affidavit submitted in opposition to the motion, that Merril Sobie contracted with it on his wife's behalf as well as on his own behalf. It is long settled that in a contract action the fact of agency need not be pleaded in the complaint (*Moore v McClure*, 8 Hun 557, 558-559; *Dollner v Gibson*, 2 Edm Sel Cas 253, 255; see, generally, Necessity of alleging agency on declaring upon contract made by party through agent, Ann., 89 ALR 895). The plaintiff may plead the legal effect of the agent's acts as being the act of the principal (*Dollner v Gibson, supra*). It was, therefore, sufficient for plaintiff to allege that Hope Sobie entered into an agreement with it. Ultimately, plaintiff must

submit proof in support of the claimed agency to sustain its action against her (*Sherman v New York Cent. R. R. Co.*, 22 Barb 239, 242). At this juncture, however, our only concern is whether plaintiff has pleaded a valid cause of action against Hope Sobie and we find that it has. We also hold that Special Term properly disqualified Merril Sobie as counsel for defendants Aetna and Hope Sobie but permitted Mr. Sobie to represent himself in this lawsuit (see *Laano v 54 Main St. Mgt. Corp.*, 61 AD2d 836; *Town of New Castle v Forum Assoc.*, 60 AD2d 576; Code of Professional Responsibility, canon 5, DR 5-101 [B], 5-102 [A]). It is true that disqualification is inappropriate if it will "work a substantial hardship on the client" (DR 5-101 [B] [4]). However the instant lawsuit is a relatively simple one in which the only possible adverse consequences to the clients will be financial, which is no basis to deny disqualification (*Grossman v Commercial Capital Corp.*, 59 AD2d 850). Nor is the marital relationship between counsel and client a special circumstance which warrants the conclusion that the client will suffer a substantial hardship if deprived of the legal services of his or her spouse (cf. *Gasoline Expressway v Sun Oil Co. of Pa.*, 64 AD2d 647, 648). Presumably, a spouse will be well versed in the facts giving rise to the litigation to which the husband and wife are coparties. However, while the familiarity of counsel with the client's legal problems is a relevant consideration in determining whether the retention of new counsel will result in substantial hardship (cf. *Foley & Co. v Vanderbilt*, 523 F2d 1357, 1359), such knowledge does not take on paramount importance when the controversy is not one that may properly be characterized as complex. We have reviewed the other contentions and find them to be without merit. O'Connor, J P., Bracken, Niehoff and Boyers, JJ., concur.