■ ANTHONY MASELLA, Respondent, v LEEMILT'S FLATBUSH AVENUE, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. FREDERICK J. ADLER, Third-Party Defendant-Respondent.—In an action to recover damages for fraud and conversion, defendants and third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered August 30, 1984, which (1) granted those branches of plaintiff's motion which sought (a) the dismissal of their third-party complaint, (b) the dismissal of their first, fourth and fifth affirmative defenses, and (c) the disqualification of defendant Robert Del Gadio as their attorney, and (2) denied their cross motion for summary judgment dismissing the complaint.

Order modified, on the law, by deleting therefrom so much thereof as (1) granted those branches of plaintiff's motion which sought to strike defendants' first affirmative defense and to disqualify defendant Robert Del Gadio from acting as their attorney, and (2) denied defendants' cross motion in its entirety, and substituting therefor provisions (1) granting defendants' cross motion for summary judgment to the extent of dismissing plaintiff's cause of action for fraud in its entirety and his cause of action for conversion as against defendants Robert Del Gadio and Leo Liebowitz, and (2) denying those branches of plaintiff's motion which sought the dismissal of defendants' first affirmative defense and the disqualification of Robert Del Gadio as their attorney. As so modified, order affirmed, without costs or disbursements.

Plaintiff alleges that he was fraudulently induced to enter into a stipulation in open court with defendant Leemilt's Flatbush Avenue, Inc. (hereinafter LFA) by virtue of false representations made by its attorney, defendant Robert Del Gadio, with the advice and consent of its president, defendant Leo Liebowitz. In order to sustain an action for fraud, "the plaintiff must prove: (1) a misrepresentation of fact, (2) which was false and known to be false by the defendant, (3) that the representation was made for the purpose of inducing the other party to rely upon it, (4) the other party justifiably did so rely, (5) causing injury" (*Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467; *see also, Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *Adams v Gillig,* 199 NY

314, 319). In answer to defendants' cross motion for summary judgment dismissing the complaint, plaintiff was obliged to lay bare his proofs supporting these elements, and we need only point out that plaintiff failed to present any evidence with regard to injury resulting from the alleged fraud. In this regard, after defendant LFA breached the stipulation, plaintiff sought enforcement thereof and ultimately received all that he was entitled to under this stipulation (1) by virtue of his cashing a previously tendered $5,000 check, and (2) the entry of a judgment embodying the terms of Justice Kelly's November 10, 1983 order (a) confirming an arbitrator's award, (b) awarding him $3,863.93, representing the balance of moneys admittedly due under the stipulation, and (c) awarding him an additional $2,000 as rent for November 1983. Since plaintiff failed to create any genuine issue of fact as to injury arising from the alleged fraud, Special Term erred in not granting defendants' motion for summary judgment insofar as it sought to dismiss the fraud cause of action and granting that branch of plaintiff's motion which sought the dismissal of their first affirmative defense based on an alleged failure to state a cause of action for fraud (*see, Zuckerman v City of New York*, 49 NY2d 557; *Great Neck Car Care Center v Artpat Auto Repair Corp.*, 107 AD2d 658). In any event, plaintiff cannot seek enforcement of the stipulation and receive the benefit thereof while, at the same time, seeking damages based on his allegation that he was fraudulently induced to enter into the stipulation (*see, Ross v Preston*, 292 NY 433, 438, *rearg denied* 293 NY 664; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., supra*).

Furthermore, Special Term erred in not granting summary judgment to defendants Del Gadio and Liebowitz on plaintiff's cause of action for conversion, inasmuch as the latter failed to adduce any evidence that these individual defendants were personally connected with the alleged taking of the property (*see, Zuckerman v City of New York, supra; Great Neck Car Care Center v Artpat Auto Repair Corp., supra*).

Finally, in view of our disposition, so much of Special Term's order as granted that branch of plaintiff's motion which sought to disqualify Robert Del Gadio from acting as defendants' attorney can no longer stand, as there is now no significant probability that he will be called as a witness to testify (*see*, DR 5-101 [B]; DR 5-102; *Emerald Green Homeowners' Assn. v Aaron*, 90 AD2d 628; *North Shore Neurosurgical Group v Leivy*, 72 AD2d 598; *RAV Realty Corp. v Union Fed.*

*Sav. & Loan Assn.,* 63 AD2d 609). Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.