■ STEVEN ZWEIG, Individually and as Assignee of YUJI UMEDA, Respondent, v SAFECO INSURANCE COMPANY OF AMERICA, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered April 18, 1986, which denied the motion of defendant Safeco Insurance Company of America for an order to disqualify plaintiff's counsel Robert Conason, Esq. and the law firm of Gair, Gair & Conason, P. C., from trying the instant action, is unanimously reversed, on the law, on the facts and in the exercise of discretion, motion is granted, without costs.

On or about December 24, 1973, Mr. Steven Zweig (Mr. Zweig) suffered serious head and other injuries, when an automobile, owned and operated by Mr. Elliot Goldstein (Mr. Goldstein), in which he was a passenger, collided with a vehicle owned and operated by Mr. Yuji Umeda (Mr. Umeda), at the intersection of 80th Street and Third Avenue in New York County. Both of these vehicles had $50,000 limited liability policies. Government Employees Insurance Company

(GEICO) insured Mr. Goldstein's vehicle, and Safeco Insurance Company of America (Safeco) insured Mr. Umeda's vehicle.

Subsequently, Mr. Zweig commenced a personal injury action and Mr. Robert Conason (Mr. Conason), of the firm of Gair, Gair & Conason, P. C. (Gair firm), represented plaintiff. At a trial conference, on March 15, 1976, Mr. Conason demanded $100,000 in settlement of Mr. Zweig's claim, which was the total limit of the liability coverage under the GEICO and Safeco policies. Furthermore, Mr. Conason warned that, if his demand was not met, he would increase it to $125,000 as of March 17, 1976, due to financial commitments that would have to be made for trial. The action was not settled, and a jury returned a verdict in favor of Mr. Zweig in the amount of $800,000, and apportioned liability against Mr. Goldstein, the driver of the vehicle in which Mr. Zweig was a passenger, and Mr. Umeda at 25% and 75%, respectively. However, as mentioned *supra*, the combined insurance coverage for the two vehicles amounted to $100,000.

Following that trial, in 1978, plaintiff Mr. Zweig commenced the instant action against defendant Safeco and its attorneys, who are also named as defendants, to recover damages allegedly caused by defendant Safeco's bad-faith failure to settle the personal injury action, mentioned *supra*, within policy limits. In its defense, defendant Safeco contends that Mr. Conason prevented any realistic opportunity to settle, by reason of his allegedly "hard-line tactics". Therefore, defendant Safeco moved to disqualify Mr. Conason and the Gair firm from conducting the trial of the present action, since defendant Safeco claims that Mr. Conason will undoubtedly "be called to testify about his strategy and what transpired during the settlement negotiations he personally conducted in the personal injury action on behalf of plaintiff. His testimony * * * will necessarily be a crucial issue at trial". (Note: the material quoted *supra* is found in the affirmation of defendant Safeco's counsel, which was submitted in support of the motion.) Plaintiff opposed. Subsequently, Trial Term denied the motion.

We disagree.

Our review of the record indicates to us that Mr. Conason is an essential witness in this litigation, and, therefore, we conclude that it is more than likely that Mr. Conason will be called to testify.

Code of Professional Responsibility, DR 5-102 (A), which was adopted by the New York State Bar Association, effective

January 1, 1970, states, in pertinent part, as follows: "If, after undertaking employment in * * * pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial".

We recently held in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (122 AD2d 676, 677-678 [1st Dept 1986]), in pertinent part: "Where, as here, the facts compel the conclusion that the attorney 'ought to be called as a witness', disqualification of the firm with which he is associated is required even if the party whom he represents may not intend to call him as a witness, and even if the opposing party's stated intention to do so does not come to pass. *(See, MacArthur v Bank of New York,* 524 F Supp 1205 [SDNY]; *Hempstead Bank v Reliance Mtge. Corp.,* 81 AD2d 906; *North Shore Neurosurgical Group v Leivy,* 72 AD2d 598; *Grossman v Commercial Capital Corp.,* 59 AD2d 850; *Gasoline Expwy v Sun Oil Co.,* 64 AD2d 647; *1776 Assoc. v Lazrus,* 99 Misc 2d 370.)"

Accordingly, we reverse and grant defendant Safeco's motion. Concur—Ross, J. P., Carro, Asch, Kassal and Ellerin, JJ.