OPINION OF THE COURT
Cyril K. Bedford, J.
During the course of the trial in this matter, both sides made oral motions to disqualify the opposing attorney (see tape No. 66922, counter No. 6233 to end; tape No. 66922, counter No. 0 to 2071).
The underlying holdover proceeding seeks possession of the rent-stabilized premises known and located at 29 West 9th Street, apartment 4-F, New York, New York, brought pursuant *734 to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (a) commonly referred to as an owner’s own use holdover. As respondent is a senior citizen, the strictures of RSC § 2524.4 (a) (2) require the owner to provide or offer to provide, and if requested, provide an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area. Respondent has interposed an answer which includes the defense that an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area had not been made.
Prior to, and subsequent to the commencement of this proceeding, petitioner alleges offers of housing were made to respondent in conformity with the statute. The alleged offers and rejections were in part purportedly conveyed through the respective counsel for the parties. Respondent has engaged the same attorney throughout this proceeding. Petitioner substituted counsel not so long ago. Petitioner’s prior counsel testified at the trial regarding alleged offers made while he was petitioner’s counsel. Respondent’s counsel, David Ratner, wished to testify in response to the claims of alleged offers. Petitioner’s present attorney, Keith Rubinstein, was offered as a witness concerning offers conveyed through him subsequent to being retained. Prior to Mr. Rubinstein taking the witness stand, the oral motions to disqualify were made.
The advocate-witness disqualification rules contained in the Code of Professional Responsibility provide guidance, not binding authority for courts in determining disqualification. It is recognized however that the roles of an advocate and of a witness are inconsistent and it is unseemly for a lawyer in a trial to also argue his own credibility as a witness. (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437 [1987].) Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21) provides in subdivision (c) that:
“If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal, except that the lawyer may continue as an advocate on issues of fact and may testify in the circumstances enumerated in [DR 5-102 (b) (1) through (4) (22 NYCRR 1200.21 [b] [l]-[4])].”
*735 The first three exceptions relate to testimony regarding an uncontested issue, to matters of formality and value of legal services rendered, which are not the circumstances here. The fourth exception is if disqualification would work a substantial hardship to the client because of the distinctive value of the lawyer in the particular case. Neither attorney has made a concrete showing of such hardship. To the extent that the possible adverse consequences to the client will be financial, this is not a basis to deny disqualification. (Federated Adj. Co. v Sobie, 90 AD2d 806 [1982] [2d Dept 1979].) Financial hardship is not synonymous with substantial hardship within the meaning of the exception. (Grossman v Commercial Capital Corp., 59 AD2d 850 [1st Dept 1977].)
Where an attorney representing a party was an active participant in a disputed transaction and has personal knowledge of the underlying circumstances, he ought to be called as a witness on behalf of his client and it is improper for him to continue representation. (Chang v Chang, 190 AD2d 311 [1st Dept 1993].) Clearly the issue of offers concerning comparable housing is a significant issue in both the cause of action and the defense in this proceeding. DR 5-102 (c) and case law make it clear that it is not whether the attorney actually testifies or not which determines disqualification. Rather, if it is obvious that the lawyer ought to be called as a witness then the lawyer may no longer serve as advocate. This is in contrast to where, if after undertaking employment, the attorney learns he may be called as a witness other than on behalf of the client. The attorney may continue to represent the client until it is apparent that the testimony may be prejudicial to the client at which point the attorney must withdraw (7 NY Jur 2d, Attorney at Law § 80, at 53 [“Attorney-as-witness rule; withdrawal or disqualification where attorney ought to be called as witness”]; Code of Professional Responsibility DR 5-102 [d] [22 NYCRR 1200.21 (d)]).
Disqualification is not warranted when the testimony of the attorney who purportedly ought to be called as a witness would be cumulative of the other witnesses’ testimony. (Metropolitan Transp. Auth. v 2 Broadway, 279 AD2d 315 [1st Dept 2001].) Disqualification may be required only when the testimony to be given by the witness is necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence. (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437 [1987].)
*736 In the proceeding before the court, it is apparent that the attorneys have specific noncumulative personal knowledge regarding offers of comparable housing which is a significant issue on behalf of their respective clients. Whether offers of comparable housing were made goes to the heart of the claims by both parties and the attorneys are essential witnesses to these offers and ought to be called as witnesses on behalf of their clients. Under the circumstances, it would be an improvident exercise of discretion to deny a motion to disqualify counsel. (See Korfmann v Kemper Natl. Ins. Co., 258 AD2d 508 [2d Dept 1999].)
Accordingly, the oral applications are granted and both individual counsel are disqualified.
Having determined that the individual attorneys are disqualified does not disqualify the other attorneys of that firm. A law firm is permitted to continue to represent a client even if one of its attorneys ought to be called as a witness. (Talvy v American Red Cross, 205 AD2d 143 [1st Dept 1994], affd 87 NY2d 826 [1995].)
There is a sound basis for what may seem like a harsh result to the clients who have chosen these particular attorneys to represent them. The attorneys by having personally involved themselves in significant issues in this proceeding have removed themselves from the sidelines and moved to the stage. Rather than being presenters of the facts of the case, they have moved into the role of actors in the case unfolding before the court. This duality of being the attorney and witness causes the attorney to become handicapped in representing his/her client, as the attorney’s credibility necessarily becomes an issue in the case.
The court notes that it is making no findings of fact regarding the trial matter.