## (October 22, 1963)

■ CYD WOOLF, as Executrix of STANLEY WOOLF, Deceased, Respondent, v. R. T. REED, as President of American Express Company, et al., Appellants.— Order, entered on December 4, 1962, unanimously reversed, on the law, with $20 costs and disbursements to the appellants, and the motion to dismiss the first, second and fourth causes of action granted, with $10 costs, with leave to replead. The complaint is based on injuries sustained aboard a ship owned by defendant Holland-America Line, while the plaintiff's testator was on a cruise and also for malpractice on the part of the doctor-member of the crew. There is nothing in the complaint to state where the accident occurred. It could have occurred on the high seas or in foreign territorial waters. If it occurred on the high seas, or in foreign territorial waters the Maritime Law must apply. (See *Riley* v. *Agwilines, Inc.*, 296 N. Y. 402; *Merriweather* v. *Boland & Cornelius*, 6 N Y 2d 417; *Sonnesen* v. *Panama Transp. Co.*, 298 N. Y. 262; Restatement, Conflict of Law, §§ 404, 406.) Under Maritime Law the place of a tort is of importance in determining the law applicable to it, and the complaint should therefore allege where the accident occurred. If this is unknown to plaintiff, an examination of defendants should be requested. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ RENAULT, INC., Respondent, v. AUTO IMPORTS, LTD., et al., Appellants.— Order, entered on April 18, 1963, unanimously affirmed, without costs. The motion was made by defendants to disqualify on ethical grounds the law firm presently appearing for plaintiff from its continued representation of the plaintiff in the preparation and trial of this action. The defendants urge that it will be improper for such firm and each of its members and associates to participate in the trial of this action in that it appears that certain partners therein will be material and necessary witnesses on the trial. Where the facts warrant it, a motion, such as this, may be entertained by the court in which a particular action is pending, to disqualify a particular attorney from appearing or further participating therein as an attorney for a party (see *Matter of Huie*, 2 A D 2d 163; *Evyan Perfumes* v. *Hamilton*, 22 Misc 2d 616), but the function of the court upon such a motion is restricted to the taking of such action as may be necessary to insure a proper representation of the parties and fairness in the conduct of the litigation. The motion may not be entertained for the purpose of obtaining an adjudication as to what constitutes professional misconduct on the part of an attorney (see *Erie County Water Auth.* v. *Western N. Y. Water Co.*, 304 N. Y. 342, 346), nor will the court utilize this motion for the purpose of laying down guide rules for the future conduct of an attorney on the speculation of what may develop during a litigation. There is no hard and fast rule that it is always improper, irrespective of the circumstances, for an attorney to appear as trial counsel in a case where his partner is a material witness. (See Drinker, Legal Ethics, pp. 158–159.) Order, entered on May 10, 1963, unanimously affirmed, without costs. No opinion. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.