JACOB M. ALKOW et al., Respondents, v. FREDERICK W. RICHMOND, Appellant.— Order, Supreme Court, New York County, entered July 14, 1972, granting plaintiffs' motion for summary judgment, unanimously reversed, on the law, and the judgment of said court entered thereon on July 19, 1972, unanimously reversed, on the law, and vacated, with leave to defendant, if he is so advised, to apply for permission to amend his answer. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Plaintiffs are the holders, by assignment, of a mortgage note and mortgage in the face amount of $355,000 payable, with interest, in certain stated installments. Defendant guaranteed payment of the indebtedness evidenced by the aforesaid note. The mortgagor has concededly defaulted in the payment of certain installments and plaintiffs seek recovery of the full amount of the debt from defendant guarantor. In order to succeed, however, they must establish their right to accelerate the due date of the entire obligation. Examination of the

mortgage, which is in customary printed form, discloses that the usual provisions relied upon for acceleration have been stricken. According to defendant, these deletions evidence his understanding with plaintiffs' assignor that the obligation would not be payable before an anticipated condemnation award was received. The underlying facts and the history of this transaction would seem to support such an understanding. Plaintiffs, on the other hand, rely on other, more general, provisions of the mortgage which were not stricken and, from a literal reading thereof without reference to the stricken provisions, would seemingly support their right to call the entire amount due. In construing the mortgage, however, consideration may be given to the stricken words to ascertain the true intent of the parties. (*Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550.) Since we find that a factual issue as to the intent of the parties has been raised, we conclude that summary judgment is unwarranted. Lastly, it is noted that although defendant argues that the documents in issue do not conform to his actual agreement, the answer interposed does not seek reformation. If defendant is advised to seek such relief, he should be permitted to make application for leave to amend his answer. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Eager, JJ.