TRU-BITE LABS, INC., Respondent, v ARTHUR ASHMAN, Appellant.

First Department, November 16, 1976

*Edward S. Wactlar* of counsel *(Kuh, Shapiro, Goldman, Cooperman & Levitt,* P. C., attorneys), for appellant.

*David L. Katsky* of counsel *(Esanu Katsky & Korins,* attorneys), for respondent.

*Per Curiam.* Defendant appeals from an order entered March 24, 1976 in New York County (NADEL, J.) which granted plaintiff's motion for an order directing defendant's attorneys to withdraw as trial counsel.

In this action to recover money had and received, defendant raises the affirmative defenses of payment and release based upon a separation agreement entered into between defendant and plaintiff's president, his former wife. The circumstances underlying the agreement and the intention of the parties are in dispute and it is obvious that one of the members of the firm presently representing defendant, who also represented defendant during all of the negotiations leading to the separation agreement, will or ought to be called as a witness. Indeed, defendant's opposition to plaintiff's earlier motion for summary judgment consisted solely of this attorney's affidavit.

Disciplinary Rule DR 5-102, subd [A]) of the Code of Professional Responsibility as approved by the American Bar Association and adopted by the New York State Bar Association, provides that where, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, both he and his firm should withdraw from the conduct of the trial except under certain circumstances, among them, where such withdrawal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

In urging reversal, counsel states that on the day the trial

court decided the subject motion this case was scheduled for trial and had been fully prepared; that the action is to be tried without a jury; and, that the defense at trial would be conducted by a lawyer who was not associated with the firm during the period in question. However, while claiming that a substitution of attorneys would be pecuniarily prejudicial to and would otherwise work an undue hardship on defendant, counsel acknowledges that new counsel would be able to prepare for trial in one week's time. Moreover, it appears that counsel was aware of the conflict at least two months prior to its disqualification by the court.

The function of the court upon a motion of this nature is restricted to the taking of such action as may be necessary to insure a proper representation of the parties and fairness in the conduct of the litigation. The motion may not be entertained for the purpose of obtaining an adjudication as to what constitutes professional misconduct on the part of an attorney, nor will the court utilize this motion for the purpose of laying down guide rules for the future conduct of an attorney on the speculation of what may develop during the litigation *(Renault, Inc. v Auto Imports,* 19 AD2d 814).

An advocate who becomes a witness is in the unseemingly and ineffective position of arguing his credibility since the functions of an advocate and a witness are inconsistent. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when he also appears as a witness for his client. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his continuing as an advocate (see Ethical Consideration EC 5-10 of the Lawyer's Code of Professional Responsibility as approved by the American Bar Association and adopted by the New York State Bar Association, effective January 1, 1970).

Accordingly, under the circumstances of this case, the order appealed from should be affirmed, without costs.

STEVENS, P. J., MARKEWICH, KUPFERMAN, MURPHY and SILVERMAN, JJ., concur.

Order, Supreme Court, New York County, entered on March 24, 1976, unanimously affirmed, without costs and without disbursements.