■ GASOLINE EXPWY, INC., Respondent, v SUN OIL COMPANY OF PENNSYLVANIA et al., Appellants.—In an action, *inter alia,* for (1) rescission of an agreement between the plaintiff and the corporate defendant, (2) reformation of a portion of said agreement, (3) a declaration as to the rights of the parties under the said agreement and (4) compensatory and punitive damages for false and fraudulent representations made by the defendants to plaintiff and relied upon by it, defendants appeal from an order of the Supreme Court, Kings County, entered March 7, 1978, which denied their motion to disqualify plaintiff's counsel on the ground that she would necessarily be called as a witness to testify in the trial of the action. Order reversed, without costs or disbursements, and motion granted. The plaintiff is a close corporation whose sole shareholder is the attorney who is seeking to represent the corporation (see CPLR 321, subd [a]). The attorney, in her capacity as president of the plaintiff corporation, negotiated and signed the contracts which are the subject of this dispute. It is evident that her

testimony will be of primary importance in proving the plaintiff's case. On that basis, the defendants moved to disqualify plaintiff's counsel and thereby avoid the prejudice inherent in the inconsistent roles of witness and advocate. Defendants' position is supported by DR 5-101 (subd [B]) of the Code of Professional Responsibility, which provides, in part: "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify * * * (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." Other than conclusory allegations concerning the cost of obtaining other counsel, no reasons have been set forth why disqualification would work a substantial hardship to the plaintiff. Such allegations are totally insufficient and if the plaintiff corporation consisted of multiple shareholders there would be no hesitation in granting the motion to disqualify plaintiff's counsel (cf. *Tru-Bite Labs v Ashman,* 54 AD2d 345). However, this case is complicated by the attorney's argument that such a result improperly denies her the right of appearing *pro se.* That contention, despite its superficial appeal, must be rejected. Having made the decision to conduct business in a corporate form, thereby reaping the various advantages of the "corporate veil", the attorney may not be permitted to avoid the coexistent encumbrances of that corporate veil. The plaintiff's corporate status must be strictly adhered to and the roles of shareholder and advocate may not be merged. By incorporating, the attorney must be deemed to have waived the right to appear *pro se.* Accordingly, under the circumstances of this case, the various considerations underlying DR 5-101 (subd [B]) of the Code of Professional Responsibility are fully applicable and the motion to disqualify plaintiff's counsel should have been granted. Rabin, Gulotta and Cohalan, JJ., concur; Martuscello, J. P., dissents and votes to affirm the order, with the following memorandum: The motion here is based on DR 5-101 (subd [B]) of the Code of Professional Responsibility, which deals with refusing employment when the interests of the lawyer may impair his independent professional judgment, and bars an attorney from accepting employment in pending litigation if he knows that he "ought to be called as a witness" therein. I agree with Judge Gurfein, who said, in *Foley & Co. v Vanderbilt* (523 F2d 1357, 1359-1360): "a court need not treat the Canons of Professional Responsibility as it would a statute that we have no right to amend. We should not abdicate our constitutional function or regulating the Bar to that extent. When we agree that the Code applies in an equitable manner to a matter before us, we should not hesitate to enforce it with vigor. When we find an area of uncertainty, however, we must use our judicial process to make our own decision in the interests of justice". Appellants' attorney, during his oral argument, conceded that if plaintiff's counsel had chosen to take ownership of the service station as an individual instead of through a corporation of which she was the sole owner, there would be no question as to her right to appear as her own counsel in this action. But because she elected to hold ownership of the service station through a wholly owned corporation instead of in her own name, appellants seek the aid of the courts to impose on her activity as operator of a small business what may well be the substantial additional cost of having to retain outside counsel to undertake her suit against them. When this court accepts this contention, absent any indication that appellants will be in any way prejudiced by her appearance as counsel for her own corporation, it elevates form over

substance and imposes on her perfectly proper use of the corporate device for ownership of her service station an additional, unnecessary and possibly burdensome cost for outside counsel. The majority bases its reversal on the conclusion that plaintiff's claims of added cost for obtaining other counsel are "conclusory allegations". This ignores the facts that (1) what is involved here is a single service station and its claim of $13,000 for making alterations in the station required by the appellants; (2) the plaintiff's owner is not a large firm but a single practitioner and clearly one to whom this sum is substantial; and (3) legal fees in these inflationary times are hardly a mere bagatelle. Furthermore, appellants' claim of possible prejudice is at least as conclusory as plaintiff's allegations as to the increased cost of outside counsel. Similarly, the majority's rejection of plaintiff's argument, based on the fact that the attorney, by "reaping the various advantages of the 'corporate veil'", elected to accept "the coexistent encumbrances of that corporate veil", ignores the undisputed fact that here the plaintiff corporation's advantages from that "corporate veil" are at best illusory so far as the appellants are concerned. The limited liability which is a concomitant of the "corporate veil" is not here involved, but only a conclusory claim by appellants that the fact that the plaintiff's owner and president is a lawyer who will be testifying in support of plaintiff's claim may affect the jury's evaluation of her credibility as against the appellants' witnesses, a highly doubtful proposition. The order under appeal renders substantial justice in the circumstances of this case.