■ NORTH SHORE NEUROSURGICAL GROUP, P. C., Appellant, et al., Plaintiff, v DAVID M. LEIVY, Respondent.—In an action to reform a writing, plaintiff North Shore Neurosurgical Group, P. C., appeals from an order of the Supreme Court, Nassau County, entered April 12, 1979, which denied plaintiffs' motion to disqualify the law firm representing defendant on the ground that attorneys therefrom would likely be appearing as witnesses at an eventual trial of the issues. Order reversed, with $50 costs and disbursements, and motion granted. This action was brought by the plaintiffs to reform a written "buy-out" agreement between the corporate plaintiff and the defendant. Representing the defendant during the negotiations leading up to the contract was the firm of Meltzer, Levy & Goldstein, P. C., which, with the addition of a new partner, Richard A. Lippe, Esq. (the firm is now known as Meltzer, Lippe, Levy & Goldstein, P. C.), is the attorney of record for the defendant in this action. However, it is apparent that should this matter eventually proceed to trial, one or more members of the Meltzer firm will be called as witnesses to testify as to the intentions of the parties in entering into the "buy-out" agreement. The Canons of Ethics (with limited exceptions) specifically prohibit an attorney from accepting employment in a matter where he knows or it is obvious that he or a member of his firm ought to be called as a witness. (Code of Professional Responsibility, DR 5-101, subd [B].) Moreover, the canons specifically require (again, with limited exceptions) that if, after undertaking employment as counsel, a lawyer subsequently learns that either he or a member of his firm ought to be called as a witness, then he shall "withdraw from the conduct of the trial" (Code of Professional Responsibility, DR 5-102, subd [A]). As previously indicated, the disciplinary rules do recognize certain exceptions to the above requirements (see DR 5-101, subd [B], pars [1]-[4]), but of those only the last (DR 5-101, subd [B], par [4]) has any relevance to the case at bar. This exception provides, *inter alia,* that an attorney may accept employment or remain as counsel "As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." Defendant claims that due to the

substantial burdens involved in terms of time and cost in retaining and familiarizing new counsel that the disqualification of present counsel would work a substantial hardship on him. However, as this court noted in *Gasoline Expwy v Sun Oil Co. of Pa.* (64 AD2d 647, 648), conclusory allegations concerning the cost of obtaining other counsel are "totally insufficient" to avoid disqualification. (See, also, *Grossman v Commercial Capital Corp.,* 59 AD2d 850.) Moreover, defendant's further argument that his present attorney's services are of distinct value based upon the prior work performed by one of the partners in the preparation of an arbitration proceeding involving the same matter must be regarded as questionable in light of plaintiffs' contention that no such proceeding was ever held and that the dispute was eventually withdrawn from arbitration. Where such a limited amount of work has been performed, any distinct value acquired must certainly pale in contrast to the prejudice which would befall the plaintiffs should the Meltzer firm be permitted to continue as counsel (see *RAV Realty v Union Fed. Sav. & Loan Assn.,* 63 AD2d 609). The purpose behind the disciplinary rules cited above is to avoid the unseemly situation where an advocate must argue his own credibility before the trier of fact *(Tru-Bite Labs v Ashman,* 54 AD2d 345). Thus, where the question arises, the best interests of the client and fairness to all of the parties concerned require that all doubts be resolved in favor of the lawyer testifying and against his continuing as an advocate. (See Code of Professional Responsibility, EC 5-10; *RAV Realty v Union Fed. Sav. & Loan Assn., supra; Tru-Bite Labs v Ashman, supra.)* Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.