■ BEN HASNAS, Appellant, v IRVING HASNAS et al., Respondents.—In a proceeding, *inter alia,* to dissolve a close corporation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 28, 1978, as, upon reargument, adhered to that part of its original determination which denied those branches of his motion which were to disqualify Howard I. Brenner as counsel for defendants Hasnas and Empire Electrical Co., Inc. Order reversed insofar as appealed from, with $50 costs and disbursements, and those branches of the plaintiff's motion which were to disqualify Howard I. Brenner as counsel for defendants Hasnas and Empire Electric Co., Inc., are granted. The defendant Howard I. Brenner is a former director of defendant Empire Electric Co., Inc., and is its present counsel. Brenner also represents the other defendant directors of Empire in this action. The plaintiff moved to disqualify Brenner as attorney for these defendants on the ground that Brenner might be called as a witness. DR 5-101 (subd [B]) of the Code of Professional Responsibility provides in part: "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify: * * * (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." Special Term denied the plaintiff's application to remove Brenner, basing its decision on its finding that the defendants in question would suffer "substantial hardship". We disagree. The corporate defendant and director defendants have set forth conclusory statements concerning the length of time that Brenner has represented them and the disadvantage inherent in disqualifying an attorney with a complete overview of the events leading to this litigation. Such reasons are insufficient to meet the "substantial hardship" test envisioned by DR 5-101 (see *Gasoline Expwy v Sun Oil Co. of Pa.,* 64 AD2d 647; *United States ex rel. Sheldon*

*Elec. Co. v Blackhawk Heating & Plumbing Co.,* 423 F Supp 486). Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.