OPINION OF THE COURT
John V. Vaughn, J.
Defense counsel has applied to the court for permission to be relieved as counsel, and for an order assigning a new attorney to represent the defendant under article 18-B of the County Law. At the court’s request, notice of this application was served upon defendant. The defendant has not appeared or opposed this application.
The issue is whether the entire Legal Aid Society, as well as the moving attorney, is disqualified from representing the defendant in this matter. For the following reasons the court concludes.that it is not.
The basis for this application to withdraw is that defense counsel will become a witness for the defendant in this action. At arraignment, the Legal Aid Society was assigned to represent the defendant, and counsel assumed those duties in accordance with his assignment by that organization. Thereafter, the defendant was ordered to participate in a lineup by the court, and defense now claims that the lineup was improperly and unfairly con- . *596 ducted. Inasmuch as defense counsel was the only witness to the proceeding, he maintains that he will be called to testify as a witness on behalf of the defendant.
Although not set forth in the moving papers, it is apparent that the defense is relying upon the “witness-advocate” rule contained in the Code of Professional Responsibility promulgated by the American Bar Association and adopted by the New York State Bar Association, effective January 1,1970. This code is divided into three separate but related parts: canons, ethical considerations and disciplinary rules. The canons are statements of norms, expressing in general terms, the standards of professional conduct expected of lawyers in their relationships with the public and the legal system. The ethical considerations are aspirational in character and represent the goals toward which every attorney should strive. They provide principles to guide an attorney in making his decision in specific cases. The disciplinary rules, unlike the ethical considerations, are mandatory and state the minimal level of conduct below which no lawyer should fall.
The relief sought by the defense counsel is grounded in the principles contained in canon 5; EC 5-9; EC 5-10; and DR 5-102 of the code. DR 5-102, captioned “Withdrawal as Counsel When the Lawyer Becomes a Witness” provides: “(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(l) through (4)”. There are four exceptions in DR 5-101 (B) to wit:
“(1) If the testimony will relate solely to an uncontested matter.
“(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
*597 “(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.”
None of these are applicable in this case. The purpose of this rule was to avoid the embarrassing predicament of having an attorney argue the credibility and effect of his own testimony, as well as to eliminate the potential unfairness to an opponent that results from the “silent claim” to that high degree of credibility which flows from an attorney’s official and professional role (People v Bonilla, 101 Misc 2d 146; EC 5-9; EC 5-10; Ann., 52 ALR3d 887).
The court has no difficulty with permitting the moving attorney to withdraw from personally representing the defendant and testify at any trial or hearing, but sees no reason to disqualify the entire staff of the Legal Aid Society, with the resultant increase in expense to the judicial system. The court is aware that the present code, unlike its predecessor, canon 19, specifically provides that not only the attorney, but the entire firm is disqualified (DR 5-102). However, the Code of Professional Responsibility is not a rule of law, and though it should not be completely ignored or disregarded by the courts, it should not constitute a “per se” rule of disqualification in every case (Matter of Weinstock, 40 NY2d 1; see People v Hobson, 39 NY2d 479; cf. People v La Carrubba, 46 NY2d 658). Moreover, while in People v Paperno (54 NY2d 294) the court held that DR 5-102 was applicable to the prosecution in a criminal case, there was nothing in the opinion to indicate that the entire staff of the District Attorney’s office would have been disqualified from prosecuting the case. Indeed, the implication in that case is to the contrary. Formal Opinion No. 339 (Nov. 16, 1974) of the Committee on Professional Ethics of the American Bar Association also indicates that DR 5-101 (B) and DR 5-102 (A) are not per se rules which require a literal reading, and that their application necessarily depends “upon the attending facts” in each case. In this vein, there is no reason to hold that the word “firm” in the rule would always include the Public Defender’s office or the staff of a Legal Aid Society.
Moreover, while the rule has been applied to disqualify an entire firm in civil matters (North Shore Neurosurgical *598 Group v Leivy, 72 AD2d 598; Tru-Bite Labs v Ashman, 54 AD2d 345), there is authority that it is not necessary to disqualify an entire prosecutorial or defender’s staff in every situation (see People v Bonilla, 101 Misc 2d 146, supra; Ann., 5 ALR4th 574; Ann., 54 ALR3d 100; cf. Renault, Inc. v Auto Imports, 19 AD2d 814). In addition, the Final Draft of the Model Rules of Professional Conduct, which is to be submitted to the American Bar Association for approval to replace the present Code of Professional Responsibility, makes it clear that the entire firm would be disqualified from representing a client only where there would be a resulting conflict of interest (Final Draft, Model Rules of Professional Conduct, rule 3.7). That rule provides:
“(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
“(1) the testimony relates to an uncontested issue;
“(2) the testimony relates to the nature and value of legal services rendered in the case; or . “(3) disqualification of the lawyer would work substantial hardship on the client.
“(b) Rule 1.7 relating to conflict of interest determines whether a lawyer may act as advocate in a proceeding in which a member of the lawyer’s firm is likely to be called as a witness.” (1 Opinions of Committees on Professional Ethics, p 149.)
There is nothing in the present application that would indicate any conflict of interest between the attorney and his client.
Accordingly, the application for the Legal Aid Society to be relieved as assigned counsel is denied. Counsel may appear and testify if another attorney from the society represents the defendant. The case is on the Trial Calendar for May 17, 1983.