■ PHILIP E. ELLIS et al., Doing Business as PHIL's GIFT SHOP, Respondents, v COUNTY OF BROOME, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. CITY OF BINGHAMTON et al., Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Trial Term (Crew, III, J.), entered August 5, 1983 in Broome County, which disqualified the Broome County Department of Law from representing the County of Broome in the instant action. ¶ This is a suit to recover damages that plaintiffs allegedly incurred when, on February 21, 1980, a bus owned by defendant County of Broome and operated by its employee, defendant Edward J. Thompson, crashed into plaintiffs' building. Later that same day, Broome County Attorney John E. Murray allegedly had a conversation with one of the plaintiffs regarding the county's liability for this accident. Premised on the likelihood that Murray would be called as a witness on behalf of plaintiffs or the county, plaintiffs, on December 1, 1982, moved to have the Broome County Attorney's office disqualified. For reasons not relevant here, the court declined to address this motion. The matter then came on for trial in July, 1983. A pretrial conference revealed plaintiffs' plan to introduce Murray's statements as admissions against the county. In response to that plan, the county revealed

that it would then have Murray testify on its own behalf. As a result, the court then declared a mistrial and, pursuant to DR 5-102 of the Code of Professional Responsibility, disqualified the entire Broome County Department of Law from continuing to represent the county in this action. This appeal by the county followed. ¶ DR 5-102 (A), commonly referred to as the advocate-witness rule, prohibits a lawyer from representing his client in pending litigation when he or a lawyer in his firm ought to be called as a witness on behalf of his client, except if the testimony will relate solely to an uncontested matter, a matter of formality or the nature and value of legal services (Code of Professional Responsibility, DR 5-101 [B]; DR 5-102). In addition, the lawyer may continue to represent his client even though his testimony as a witness is likely if his refusal to continue representation "would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case" (DR 5-101 [B] [4]). ¶ Although Murray was properly disqualified, DR 5-101 (B)(4) acts to limit the broad language of DR 5-102, permitting the conclusion that it is not "always improper, irrespective of the circumstances, for an attorney to appear as trial counsel in a case where his partner is a material witness" (*Renault, Inc. v Auto Imports,* 19 AD2d 814). In our view, it was not necessary to disqualify the entire County Attorney's office in this action. ¶ A review of the purposes underlying the advocate-witness rule bears out this conclusion. An obvious justification for the advocate-witness rule is avoidance of the unseemly circumstance of placing an attorney in a position in which he must argue the credibility of his own testimony. By recusing Murray, but permitting another member of the County Attorney's staff to litigate the case, this problem is obviated (see, e.g., *People v Bonilla,* 101 Misc 2d 146). The fear that professional courtesy will inhibit the opponent's effective cross-examination of the testifying attorney is, at best, a tenuous ground for disqualifying a whole law department. If this circumstance does indeed exist, depriving the county of representation by its law department will not remedy the situation, for Murray, as a witness, will retain his professional status regardless of whether the county's trial attorney comes from within or without the department. This professional courtesy argument is further outweighed by the duty of opposing counsel to represent their clients completely and zealously before extending any professional courtesy to the County Attorney (Code of Professional Responsibility, Canons Nos. 6, 7; *Greenbaum-Mountain Mtge. Co. v Pioneer Nat. Tit. Ins. Co.,* 421 F Supp 1348, 1354). ¶ Because there is also the belief that an advocate who is a witness is less apt to appear truthful due to his stake in the outcome of the trial, a further basis for the advocate-witness rule is that it ensures that testimony offered on a client's behalf is untainted by interest (Note, The Advocate Witness Rule: If Z, then X. But why?, 52 NYU L Rev 1365, 1394). Regardless of who ultimately represents the county, an Assistant County Attorney or an attorney unassociated with the county, any concern that Murray's testimony may not be fully accepted because he is the county's attorney remains undiminished. Furthermore, in the circumstances of this case, we are unable to comprehend how allowing a member of the county's legal staff to represent the county will tend to taint the County Attorney's testimony or sully either the legal profession or the judicial system. ¶ Finally, the advocate-witness rule is based on the proscription in Canon No. 9 of the Code of Professional Responsibility that an attorney should avoid even an "appearance of impropriety". As no discernible prejudice will accrue to either the county or any other litigant if an Assistant County Attorney is permitted to represent the county, Canon No. 9 will not be violated. By contrast, disqualification will force the county, at considerable expense, to retain private counsel unfamiliar with the case and the pretrial discovery already completed; all the parties will suffer from the attendant

delay which will necessarily occur. No laudable objective is achieved by disqualifying members of the county law department in this action, other than Murray. ¶ Order modified, on the law and the facts, with costs, by reversing so much thereof as disqualified any member of the Broome County Department of Law other than John E. Murray from representing the County of Broome in this action, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.