**ACME ANALGESICS, LTD., Plaintiff,**

v.

**LEMMON COMPANY and Claridge Laboratories, Inc., Defendants.**

**No. 84 Civ. 7946 (EW).**

United States District Court, S.D. New York.

Feb. 8, 1985.

Northrop & Jessop, New York City, for plaintiff; Leon S. Harris, New York City, of counsel.

Schneck, Weltman & Ives, New York City, for defendants; Edward S. Weltman, Jonathan I. Price, New York City, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

It is difficult to understand the opposition to this motion to disqualify Leon S. Harris, Esq., and his law firm, Northrop & Jessop, from representing plaintiff, a corporation of which Mr. Harris is an officer and a major shareholder. It is undisputed that Mr. Harris negotiated, executed, and administered the contract upon which this action is based, and further, that he is a material, if not the key, witness upon a trial. The mandate of the Code of Professional Responsibility is clear. Disciplinary Rule 5–102(A) expressly provides, with exceptions not here applicable:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial....

N.Y.Jud.Law App. (McKinney 1975).

Applied to this case, it must have been evident that Mr. Harris and his firm were disqualified from representing the plaintiff. *See MacArthur v. Bank of New York,* 524

 

F.Supp. 1205 (S.D.N.Y.1981); *North Shore Neurosurgical Group, P.C. v. Leivy,* 72 A.D.2d 598, 421 N.Y.S.2d 100 (2d Dep't 1979); *Tru-Bite Labs, Inc. v. Ashman,* 54 A.D.2d 345, 388 N.Y.S.2d 279 (1st Dep't 1976). The threat of "taint" of the trial was present from the very inception of this lawsuit. The exchange of correspondence between the parties before the commencement of the action in which Mr. Harris was the spokesman for the plaintiff makes this abundantly clear. Here, the motion to disqualify was made promptly and before discovery was commenced. In fact, the Court stayed discovery proceedings pending its decision. Moreover, Mr. Harris is not an individual litigant; the corporation of which he is a major shareholder is the plaintiff. Neither Mr. Harris' stock ownership, nor his status as an officer, grants the corporation an individual right to select its own counsel when such selection is clearly contrary to the Code of Professional Responsibility. *See Gasoline Expressway, Inc. v. Sun Oil Co.,* 64 A.D.2d 647, 407 N.Y.S.2d 64 (2d Dep't 1978), *aff'd,* 47 N.Y.2d 847, 392 N.E.2d 572, 418 N.Y.S.2d 585 (1979) (per curiam).

The cases relied upon by plaintiff in urging nondisqualification are inapposite and distinguishable upon their facts. *See Bottaro v. Hatton Assoc.,* 680 F.2d 895 (2d Cir.1982) (attorney-witness is a party); *International Electronics Corp. v. Flanzer,* 527 F.2d 1288 (2d Cir.1975) (former partner is a party defendant); *Theobald v. Botein, Hays, Sklar & Herzberg,* 465 F.Supp. 609 (S.D.N.Y.1979) (law firm is party defendant); *cf. Gasoline Expressway, Inc. v. Sun Oil Co.,* 64 A.D.2d 647, 648, 407 N.Y.S.2d 64, 65 (2d Dep't 1978) (disqualifying attorney-witness who was sole shareholder of plaintiff corporation), *aff'd,* 47 N.Y.2d 847, 392 N.E.2d 572, 418 N.Y.S.2d 585 (1979) (per curiam).

Equally unavailing is plaintiff's plea that a "rule of reason" be applied. *See MacArthur v. Bank of New York,* 524 F.Supp. 1205 (S.D.N.Y.1981); *Tru-Bite Labs, Inc. v. Ashman,* 54 A.D.2d 345, 388 N.Y.S.2d 279 (1st Dep't 1976). So, too, is the claim of "substantial hardship," due to legal expenses if it is required to retain other counsel. *See North Shore Neurosurgical Group, P.C. v. Leivy,* 72 A.D.2d 598, 421 N.Y.S.2d 100 (2d Dep't 1979). The amounts involved in the contract at issue and the plaintiff's claims for damages are substantial. Plaintiff seeks to recover upon its various separately stated claims a sum in excess of $5 million—no small change even in this day of astronomical requests for damage awards.

Accordingly, defendants' motion to disqualify Leon S. Harris, Esq. and Northrop & Jessop from representing plaintiff is granted.

So ordered.