OPINION OF THE COURT
C. Raymond Radigan, J.
This application by the executors of the estate requests an order permitting their attorneys, Demov, Morris & Hammer-ling, to act as counsel at a hearing at which an associate and member of the firm may testify.
By order dated September 18, 1985, this court directed a hearing be held on the issues presented by petitioner’s application to vacate a decree of probate. The decedent’s will was executed after he twice underwent brain surgery which led to the filing by the beneficiaries under a prior will of a petition to vacate the decree of probate on the ground of lack of testamentary capacity and undue influence. There is no question that the two attorneys who witnessed the instrument and counseled the decedent with respect to its preparation will be called to testify in this contested proceeding.
The affidavit submitted in support of the motion states the two attorneys will only appear as witnesses and that another member of the firm will conduct the hearing. The affiant also *1001 states the executors requested the firm to continue their representation because of their familiarity with the estate and to avoid the delay and expense occasioned by the retention of new counsel.
Code of Professional Responsibility DR 5-102 (A) provides that when it is obvious that an attorney or a lawyer in his firm ought to be called as a witness on behalf of his client, "[H]e shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except * * * in the circumstances enumerated in DR 5-101(B)(1) through (4).” The distinction attempted to be drawn by the movant between a hearing and a trial is not well founded. Although DR 5-102 (A) employs the word "trial”, a contested hearing is an equivalent adversarial judicial proceeding within the purview of the Code of Professional Responsibility, at least under the circumstances presented here. This is made evident by the Code of Professional Responsibility itself which provides for exceptions to the rule of disqualification when the testimony would relate solely to (1) an uncontested matter, (2) a matter of formality in which it is unlikely substantial evidence will be offered in opposition, (3) the value of legal services, and (4) any matter where the refusal would work a substantial hardship on the client (Code of Professional Responsibility DR 5-101 [B] [l]-[4]). These exceptions make clear they would have no application to a hearing contesting the validity of a will about which the attorneys who supervised and witnessed the instrument will testify. Whether the testimony be given before Judge or jury is not a distinction recognized by the Code of Professional Responsibility to exempt a lawyer from its mandate that he and his firm withdraw and discontinue their representation when he or a member of his firm is called as a witness on behalf of a client (Code of Professional Responsibility DR 5-102 [A]; Estate of Brodsky, NYLJ, Oct. 1, 1980, p 14, cols 2, 3, 4). Under the factual pattern existing here, any other conclusion would be incompatible with the purpose of the Disciplinary Rules which is to avoid the unseemly situation that arises when an advocate must argue his own credibility before a trier of the facts, be it Judge or jury (North Shore Neurosurgical Group v Leivy, 72 AD2d 598; Tru-Bite Labs v Ashman, 54 AD2d 345). This impropriety is not altogether avoided when a member of a law firm is placed in the position of vouching for the credibility of his partner or associate.
The decision in Renault, Inc. v Auto Imports (19 AD2d 814), *1002 cited by the movant did not involve a construction of the Disciplinary Rules, having been decided before the adoption of the Code of Professional Responsibility by the New York State Bar. Nevertheless, the statement in that decision that it is not "always improper, irrespective of the circumstances, for an attorney to appear as trial counsel in a case where his partner is a material witness” has been quoted to engraft exceptions to DR 5-102 (A) in limited circumstances (cf. Ellis v County of Broome, 103 AD2d 861 [County Attorney’s office]; People v Papa, 119 Misc 2d 595 [Legal Aid Society]; People v Bonilla, 101 Misc 2d 146 [District Attorney’s office]). Absent special circumstances, however, this court is not free to depart from the rule which has been accorded approval in situations similar to that existing here (North Shore Neurosurgical Group v Leivy, supra; Tru-Bite Labs v Ashman, supra).
The movant also requests that the court take cognizance of the new Model Rules of Professional Conduct (1983) proposed by the American Bar Association (see, People v Paperno, 77 AD2d 137, 149, revd in part 54 NY2d 294). Rule 3.7 (b) provides: "A lawyer may act as an advocate in a trial in which another lawyer in the lawyer’s firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9 [conflict of interest and confidentiality]”.
The proposed rule gives indication that the present Code of Professional Responsibility may be too rigid, but until adopted, the court is not persuaded to deviate from the clear-cut requirement of the Disciplinary Rules presently in effect. While the moving papers contend the employment of new counsel will entail additional expense, the application on this point is conclusional and does not establish the hiring would work a substantial hardship on the client as required (Code of Professional Responsibility DR 5-101 [B] [4]; Hasnas v Hasnas, 72 AD2d 764; North Shore Neurosurgical Group v Leivy, supra). The application is denied.