■ CHASE LINCOLN FIRST BANK, Respondent, v M. SHAWKY EL SAWAH, Appellant.—Motion for stay denied. Memorandum: The motion is denied because a stay of all proceedings to enforce the money judgment appealed from is provided for in CPLR 5519 (a) (2) *(see,* CPLR 5519 [c]). Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ RAYMOND SMITH, Appellant, v STATE OF NEW YORK; Respondent.—Motion for poor person relief denied. Memorandum: The motion is denied on the ground that appellant has failed to set forth facts demonstrating merit to the appeal *(see,* CPLR 1101 [a]). Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ ALICE PAWARSKI, Appellant, v SOUTHEAST COMMUNITY WORK CENTER, INC., Respondent.—Motion to disqualify appellant's counsel denied. Cross motion to disqualify respondent's counsel denied. Memorandum: The sole ground for respondent's motion to disqualify appellant's counsel from acting as counsel on this appeal, as stated in the moving papers, is "that his appellate representation of the plaintiff-appellant violates Disciplinary Rules 5-101 (B) and 5-102, Code of Professional Responsibility". The purpose behind those rules, which prohibit an attorney from accepting employment in a matter where he knows or where it is obvious that he or a member of his firm should be called as a witness, "is to avoid the unseemly situation where an advocate must argue his own credibility before the trier of fact" *(North Shore Neurosurgical Group v Leivy,* 72 AD2d 598, 599). These rules do not apply here. The appeal is from an order granting summary judgment dismissing appellant's complaint. Although appellant's counsel provided an affidavit in opposition to the motion at Special Term, the issues on the appeal do not turn upon counsel's credibility; thus, counsel will not be in the position of arguing his own credibility before us. As in any motion for summary judgment, we will not be called upon to resolve questions of credibility and fact, but only to determine whether questions of fact exist. Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v DAVID GRIFFIN, Defendant.—Motion to extend time to seek leave to appeal denied as unnecessary. Memorandum: A defendant's time to apply for leave to appeal does not begin to run until he is served on behalf of the opposing party with a copy of the order sought to be appealed (CPL 460.10 [4]). Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.