■ RUTH CWICK, Individually and as Administratrix, Appellant, v GREAT LAKES DREDGE & DOCK Co. et al., Respondents.—Motion to dismiss appeal denied. Memorandum: The motion to dismiss is unnecessary because the appeal was dismissed as against Black and Veatch when the record was not served on it by December 26, 1989. The order entered September 27, 1988 gave appellant permission to appeal on one original record, but it also required service of the record along with the brief upon each respondent. Present—Callahan, J. P., Doerr, Denman, Boomer and Pine, JJ.

■ In the Matter of FREDDIE SIMMONS, Petitioner, v WALTER KELLY et al., Respondents.—Motion to be relieved of abandonment and dismissal of transferred proceeding denied. Memorandum: On this motion pursuant to 22 NYCRR 1000.3 (b) (2) (i), petitioner has not provided a sufficient excuse for the inordinate delay of one year and eight months in submitting his brief *(see, Matter of Johnson v Kelly,* 147 AD2d 987). Moreover, the brief submitted with the motion indicates that the proceeding lacks merit. Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.

■ PEOPLE v MARIANO ZANGHI, Defendant.—Motion to extend time to take appeal granted, upon condition that notice of appeal filed and served on or before April 16, 1990. Memorandum: In support of his motion to extend the time to take an appeal, defendant alleges as "improper conduct" on the part of his counsel that counsel did not inform him of his right to appeal and did not ask him if he wished to take an appeal *(see,* CPL 460.30). Counsel, answering defendant's allegations, states that he did, at sentencing, *orally* inform defendant of his right to appeal and that defendant stated that he did not wish to appeal. We need not determine the truth of defendant's allegations because counsel failed to comply with our rule (22 NYCRR) 1022.11 (a).

It has come to our attention that, all too often, counsel for defendants in criminal cases have neglected to comply with rule 1022.11 (a). We remind counsel of the obligation under that rule to inform defendant in *writing,* immediately upon sentencing, of the right to take an appeal, to provide defendant with other information concerning that right, to ascertain whether defendant wishes to take an appeal and, if so, to file and serve a notice of appeal. Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.