■ PEOPLE v PENNY BOLAND, Defendant.—Motion to extend time to take appeal granted upon condition that a notice of appeal is filed and served on or before July 23, 1990. Memorandum: Counsel's failure to comply with 22 NYCRR 1022.11 (a) constitutes "improper conduct" of counsel (CPL 460.30 [1] [a]; *People v Storms,* 161 AD2d 1215). Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ PEOPLE v REBECCA SAPP, Defendant.—Motion to extend time to take appeal granted upon condition that a notice of appeal is filed and served on or before July 23, 1990. Memorandum: Again, as we have so often in the past, we remind counsel in criminal cases of their obligation to comply with 22 NYCRR 1022.11 (a) *(People v Storms,* 161 AD2d 1215). Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ PEOPLE v HANS PETER MIODOV, Defendant.—Motion for change of venue and for other relief denied. Memorandum: We conclude that defendant has not, on this application, met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Livingston County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us is premature *(see, People v DiPiazza,* 24 NY2d 342; *People v Kroemer,* 151 AD2d 1049). Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.