■ PEOPLE v DAVID THOMAS, Defendant.—Motion to extend time to take appeal denied. Memorandum: The motion is unnecessary, inasmuch as the District Attorney has not yet served defendant with a copy of the order denying the motion (see, People v Griffin, 142 AD2d 1005). Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.

■ PEOPLE v JAMES COTTRELL, Defendant.—Motion to cure omission denied. Memorandum: The transcript of the plea minutes shows that defendant knowingly, voluntarily and intelligently waived his right to appeal (see, People v Seaberg, 74 NY2d 1). Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ PEOPLE v DARRELL JACKSON, Defendant.—Motion to extend time to take appeal granted. Memorandum: Counsel's failure to comply with the court's rule (22 NYCRR 1022.11 [a]) constitutes improper conduct (see, People v Zanghi, 159 AD2d 1030). Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ PEOPLE v KENNETH R. HARRIS, Defendant.—Motion for change of venue denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Livingston County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature (see, People v DiPiazza, 24 NY2d 342; People v Miodov, 162 AD2d 1059). Present—Callahan, J. P., Doerr, Boomer, Pine and Lawton, JJ. (Order entered Sept. 20, 1990.)

■ PEOPLE v LANCASTER BRADLEY, Defendant.—Motion to extend time to take appeal denied as untimely (see, CPL 460.30). Present—Callahan, J. P., Doerr, Boomer and Davis, JJ.