■ RICO BRUNETTE, Respondent, v ELEANOR O. GIANFELICE, Appellant, et al., Defendants.—In a mortgage foreclosure action, the defendant Gianfelice appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 5, 1989, as denied that branch of her motion which was to disqualify the attorney for the plaintiff.

Ordered, that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the appellant's motion which was to disqualify the plaintiff's attorney is granted, David M. Klein and the firm of Klein & Klein are disqualified from representing the plaintiff, and no further proceedings shall be taken against the plaintiff without leave of the court until the expiration of 30 days after service upon him personally of a copy of this decision and order, with notice of entry, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The appellant in the present mortgage foreclosure action claims that the mortgage debt would become due only upon the sale of the mortgaged premises. The attorney for the plaintiff claims that he "understood" the agreement of the parties to be that the debt would become due on April 30, 1984, and that he therefore drafted a mortgage and mortgage note specifically incorporating this term. This attorney also averred that this draft was "unilaterally" changed by the appellant so as to provide for "no specific due date".

The central issue which must be resolved at trial, is thus whether the parties intended that the mortgage debt was to become due upon the sale of the premises, rather than at some earlier point. This question must be resolved in light of all the circumstances, with particular consideration given to the stricken provisions of the standard forms signed or init-

ialed by the parties *(see, Alkow v Richmond,* 40 AD2d 667; *see also, Connelly & Blitzer Realty v Elwyn,* 111 AD2d 555 [mortgage must be construed in accordance with parties' intent]). If the plaintiff's attorney were to fail to give trial testimony corrobative of the position reflected in the affirmation he submitted in connection with the present motion, a trier of fact would be justified in inferring from that failure that the appellant's position, rather than the plaintiff's, is factually correct. In other words, considering that the plaintiff's attorney has admitted his participation in the negotiation of the agreement, as well as having personal knowledge of the parties' intent, we believe that he "ought to be called" as a witness for the plaintiff and that he should, therefore, be disqualified from acting as the plaintiff's attorney *(see,* Code of Professional Responsibility DR 5-101 [B]; *Hempstead Bank v Reliance Mtge. Corp.,* 81 AD2d 906; *Gasoline Expwy v Sun Oil Co.,* 64 AD2d 647, *affd* 47 NY2d 847; *Tru-Bite Labs v Ashman,* 54 AD2d 345).

The case of *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437) is distinguishable. In the present case, since the parties have not expressed their intentions unambiguously, the trier of fact will have to "go behind the [written] agreements" in question, thus rendering the testimony of the attorneys who negotiated the parties' agreement critically important *(cf., S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). Also, unlike the attorney for the plaintiff in the present case, the law firm whose disqualification was sought in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp. (supra)* unequivocally denied any intent to call as witnesses the individual attorneys who had allegedly had personal knowledge of the underlying transaction. *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp. (supra)* is distinguishable for the additional reason that the plaintiff made a concrete showing that pecuniary hardship would result from the disqualification of its attorneys. No such showing has been made in the present case.

We, therefore, conclude that the Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was to disqualify the plaintiff's attorney. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.