OPINION OF THE COURT
James D. Pagones, J. .
Plaintiff Margaret Williams moves for an order compelling the depositions of Robert Hicks, Patricia Hicks and William G. *606 Crane, Esq. For the foregoing reasons, the plaintiffs motion is denied.
Pursuant to an order of this court dated November 30, 2010, the plaintiff was granted leave to add a fourth cause of action and was provided “until January 31, 2011 to conduct any further depositions of the defendants limited solely to the new cause of action.” The defendants’ depositions were scheduled for December 22, 2010. The plaintiff also sought to schedule a deposition for attorney Crane, who recently disclosed his intention to testify on behalf of the defendants concerning events that occurred during a meeting in 2007 between the parties and/or their advocates.
The plaintiff asserts she refused to take the depositions of Robert Hicks and Patricia Hicks on December 22, 2010 because the defendants appeared with attorney Crane as their counsel. There is no dispute among the parties that attorney Crane is precluded from representing the defendants at trial by virtue of rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0). Plaintiffs counsel avers he properly refused to proceed with the defendants’ depositions because rule 3.7 also prevents attorney Crane from representing the defendants during the taking of their depositions.
The plaintiffs reliance on rule 3.7 is misplaced. Rather than preclude an attorney from representing a party at all stages of a proceeding when that attorney is also a witness, rule 3.7 only precludes represention before a “tribunal.” This is necessary, in part, to avoid a situation where an attorney is arguing his or her own credibility. (Tru-Bite Labs v Ashman, 54 AD2d 345 [1st Dept 1976].) Rule 1.0 (w) defines “tribunal” as “a court, an arbitrator in an arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity.” The plaintiff has not offered any decisional authority to support the proposition that an attorney-witness is precluded from representing a party during a deposition. A party’s ability to use deposition transcripts at trial pursuant to CPLR 3117 does not confer “tribunal” status upon the initial deposition. Therefore, by refusing to participate in the December 22, 2010 depositions, the plaintiff has waived her right to conduct any further depositions of the defendants.
The plaintiff also waived her right to conduct a deposition of attorney Crane by filing her note of issue and certificate of readiness attesting to the completion of discovery. While the intention of the defendants to call attorney Crane as a witness *607 may be newly discovered to the plaintiff, the facts upon which attorney Crane intends to testify are not. The plaintiff was aware of attorney Crane’s involvement in the 2007 meeting and had ample time to depose him prior to filing the note of issue and certificate of readiness. The plaintiff failed to do so. Therefore, it is ordered that the plaintiffs motion is denied in its entirety.