Global Horizon Funding LLC v Prestige Trucking Global LLC (2024 NY Slip Op 50021(U))

[*1]

Global Horizon Funding LLC v Prestige Trucking Global LLC

2024 NY Slip Op 50021(U)

Decided on January 10, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2024
Supreme Court, New York County

Global Horizon Funding LLC, Plaintiff,

against
Prestige Trucking Global LLC and STEVEN BADRU, Defendants.

Index No. 652121/2023

Storobin Law Firm, PLLC, Brooklyn, NY (David Storobin of counsel), for plaintiff.
Barry I. Siegel, Esq., Lake Success, NY, for defendants.

Gerald Lebovits, J.

In this action on a merchant-cash-advance agreement and guarantee, plaintiff, Global Horizon Funding LLC, moves under CPLR 3212 for summary judgment against defendant-merchant, Prestige Trucking Global LLC, and defendant-guarantor, Steven Badru. (NYSCEF No. 8 [notice of motion].) The motion is denied without prejudice because this court has concluded that plaintiff's counsel, David Storobin, Esq., should be disqualified under the advocate-witness rule, Rules of Professional Conduct 3.7 (a). (See 22 NYCRR 1200.0, 3.7 [a].)
BACKGROUND
Plaintiff's papers in support of its summary-judgment motion include an attorney affirmation, submitted by Storobin; an affidavit of facts and reply affidavit, also submitted by Storobin, along with attached documents; and memorandums of law. In supplying the affidavit of facts and reply affidavit, Storobin describes himself as the "owner and attorney" of plaintiff and represents that he is "authorized to make this affidavit on behalf of" plaintiff. (NYSCEF No. 18 at ¶ 1 [capitalization omitted]; NYSCEF No. 26 at ¶ 1 [capitalization omitted].) Storobin's [*2]affidavit of facts also represents that the attached documents (on which plaintiff's motion depends) satisfy the elements of the business-records exception to the hearsay rule—a representation he can make because, among other things, those documents "are maintained under [his] control." (NYSCEF No. 18 at ¶ 2.)
The obvious overlap between Storobin's dual roles in this action, as both advocate for plaintiff and, in effect, plaintiff's corporate witness, raised concerns for this court about whether Storobin's disqualification would be warranted under Rule 3.7 (a). The court therefore requested, sua sponte, that the parties submit letter briefing on the issue of disqualification. (See Kantrowitz, Goldhamer & Graifman, P.C. v Ayrovainen, 122 AD3d 908, 908 [2d Dept 2014] [affirming motion court's sua sponte disqualification of counsel under the advocate-witness rule].) The parties have submitted the requested letters. (See NYSCEF Nos. 35, 39.) This court now concludes that disqualification is warranted. Given counsel's disqualification, the court denies plaintiff's motion without prejudice to renewal upon the retention of separate counsel.

 DISCUSSION
The advocate-witness rule is based on the "recogni[tion] that the roles of an advocate and of a witness" in litigation "are inconsistent." (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444 [1987].) The rule serves to "avoid the unseemly situation where an attorney must both testify on behalf of a client and argue the credibility of his or her testimony at trial." (Deluca v Smith, 146 AD3d 732, 733 [1st Dept 2017].) Rule 3.7 (a) of the Rules of Professional Conduct provides that, with limited exceptions, a "lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." This rule, though, should "not be mechanically applied when disqualification is raised in litigation"—particularly given that disqualifying counsel "denies a party's right to representation by the attorney of its choice." (S & S Hotel Ventures, 69 NY2d at 443, 444.) Whether to disqualify counsel under the advocate-witness rule is therefore a determination within the motion court's discretion based on the particular circumstances of the action. (See Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 74-75 [1st Dept 2002].)
Here, it is essentially undisputed that Storobin is likely to be a witness for plaintiff—whether through an affidavit at summary judgment or oral testimony at trial—on significant issues of fact. He describes himself as plaintiff's owner; he supplied the party-verification of plaintiff's complaint; and the current motion rests on his affidavits, which he is able to supply as plaintiff's owner and records custodian. The question, therefore, is whether the particular circumstances of this action nonetheless make disqualification inappropriate. Storobin argues that they do. This court disagrees.
1. Storobin argues that disqualification would be inappropriate here because "[d]isqualifying an attorney from representing himself or his own company would set the precedent that one cannot be a pro se litigant." (NYSCEF No. 39 at 1.) He is correct that the advocate-witness does not require disqualification when attorneys themselves are litigants. (See Oppenheim v Azriliant, 89 AD2d 522, 522 [1st Dept 1982].) This plaintiff in this action, though, is not Storobin, but an LLC he controls—Global Horizon Funding. And, unlike a partnership, an "LLC, like a corporation or voluntary association, is created to shield its members from liability and once formed is a legal entity distinct from its members." (Michael Reilly Design, Inc. v Houraney, 40 AD3d 592, 593 [2d Dept 2007]; cf. Walker & Bailey v We Try Harder, Inc., 123 [*3]AD2d 256, 257 [1st Dept 1986] [holding that because "a partnership is not a legal entity separate and apart from the individuals comprising it," the advocate-witness rule does not bar an attorney from both serving as a witness for, and appearing on behalf of, a law firm of which he is a partner].) For that reason, an LLC, like a business corporation, "may only be represented by an attorney and not by one of its members who is not" admitted to the New York bar.[FN1]
 (Michael Reilly Design, 40 AD3d at 593-594.) In short, Storobin, in representing the LLC that he controls, is not acting as a pro se litigant.[FN2]

To the extent that Storobin is suggesting that this court should, for advocate-witness purposes, disregard the LLC's legal separateness (see NYSCEF No. 39 at 1-2), that suggestion is foreclosed by Appellate Division precedent. In Gasoline Expwy, Inc. v Sun Oil Co. of Pennsylvania (64 AD2d 647, 647-648 [2d Dept 1978]), the Second Department held that the advocate-witness rule barred an attorney from acting as counsel for a closely held corporation of which she was the sole shareholder, given defendants' showing that the attorney's testimony "will be of primary importance in proving the plaintiff's case." In reaching that conclusion—and reversing the ruling below—the Court specifically rejected the attorney's "argument that such a result improperly denies her the right of appearing pro se." (Id. at 648.) The Court explained that "[h]aving made the decision to conduct business in a corporate form, thereby reaping the various advantages of the 'corporate veil', the attorney may not be permitted to avoid the coexistent encumbrances of that corporate veil." (Id.) Rather, the "plaintiff's corporate status must be strictly adhered to and the roles of shareholder and advocate may not be merged." (Id.) So too here.[FN3]

2. Storobin contends that disqualification is unwarranted here because Rule 3.7 (a) (1) "provides an exception" to the advocate-witness rule "if the testimony relates solely to an uncontested issue." (NYSCEF No. 39 at 2 [internal quotation marks omitted].) Here, he says, defendant's opposition papers "provide[] no testimony contradicting any of the testimony provided by Plaintiff's counsel," thus assertedly bringing this case within the uncontested-issue [*4]exception. (Id.) But plaintiff's prima facie case at summary judgment depends on the representations made in Storobin's initial affidavit, including those made to establish the admissibility of the asserted proof of defendant's default. Further, in responding to defendant's argument that the recovery sought by plaintiff includes impermissible penalties, Storobin's reply affidavit goes into great factual detail about the structure and functioning of merchant-cash-advance operations—discussing, among other things, Storobin's own policies, in his capacity as owner of Global Horizon Funding, with respect to the contested fees. (See NYSCEF No. 26 at 2-4.) In these circumstances, this court is unpersuaded that Storobin's factual representations, and likely testimony at trial, come within the uncontested-issue exception.
3. There is no merit to Storobin's assertion that his disqualification is not required because his testimony would not be prejudicial to plaintiff, as the advocate-witness rule putatively requires. (NYSCEF No. 39 at 3.) The rule applies in either of two scenarios: When "the testimony of plaintiff's attorney will be necessary to establish the claim or prejudicial in the event the attorney is called" by the opposing party. (East Forty-Fourth Street LLC v Bildirici, 58 AD3d 542, 542 [1st Dept 2009] [emphasis added].) A party seeking disqualification is not "required to show that [an advocate-witness's] continued representation would prejudice his clients; such a showing is required only when the attorney is called as a witness for the adverse party." (Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 76 [1st Dept 2002].) Here, for the reasons discussed above, the testimony of plaintiff's counsel is necessary to establish plaintiff's entitlement to relief.
4. Storobin argues that because other witnesses could conceivably supply testimony on the issues in the case, his testimony is not likely to be necessary. (NYSCEF No. 39 at 3.) This argument, though, is undermined by the fact that in this action, and at least two other actions pending before the undersigned, Storobin has chosen to premise Global Horizon Funding's claims on a complaint that he has verified as an officer of the LLC and affidavits that he has supplied in his capacity as owner and records custodian of the LLC. (See NYSCEF No. 1 at 5 [verification]; NYSCEF Nos. 18, 26 [affidavits]; see also Global Horizon Funding LLC v NY Tennis at Long Beach Inc., Index No. 653420/2023; Global Horizon Funding LLC v Raymond Key Commercial Contracting LLC, Index No. 652955/2023.) Storobin has chosen to rely on his own testimony throughout these actions; the belated suggestion that unnamed other witnesses could supply that testimony for plaintiff in his place, thereby avoiding application of the advocate-witness rule, is unpersuasive.
This court concludes, therefore, that Storobin should be disqualified as plaintiff's counsel under the advocate-witness rule. Given that plaintiff's summary-judgment motion is based on both arguments and evidence offered by Storobin in his dual role as owner of, and attorney for, plaintiff, the court denies the motion without prejudice to its renewal should plaintiff retain separate counsel. The court therefore does not reach the merits of plaintiff's contentions in favor of summary judgment, or defendant's opposing arguments that the underlying agreement is unconscionable and seeks impermissible penalties.
Accordingly, it is
ORDERED that David Storobin, Esq., is disqualified as counsel for plaintiff; and it is further
ORDERED that plaintiff's summary-judgment motion is denied without prejudice; and it is further
ORDERED that if new counsel does not appear for plaintiff in this action (and notify the court by email to SFC-Part7-Clerk@nycourts.gov), within 60 days of entry of this order, the action will be dismissed; and it is further
ORDERED that the action is stayed for 60 days to afford plaintiff the opportunity to retain new counsel.
DATE 1/10/2024

Footnotes

Footnote 1: The narrow exception to this rule in the context of small-claims actions is not applicable here. (See e.g. New York City Civil Court Act §§ 1809 [2], 1809-A [d].)

Footnote 2: For this same reason, Storobin's suggestion that depriving plaintiff of its counsel of choice would itself cause "substantial hardship" within the meaning of Rule 3.7 is meritless. (NYSCEF No. 39 at 1.) Disqualification under the advocate-witness rule necessarily deprives a party of its chosen counsel. That harm to the party's interests is not alone sufficient to avoid application of the rule.

Footnote 3: In Omansky v Bermont Holdings LTD, the Appellate Term, First Department, held that disqualification of counsel for defendant Bermont Holdings, an LLC, was not warranted when counsel was one of two shareholders in the LLC. (15 Misc 3d 11, 12 [App Term, 1st Dept 2007].) In Bermont Holdings, though, counsel was himself an individual defendant, entitled to appear pro se; and the court concluded that "his interests" in that litigation "appear to be identical to those of Bermont." (Id.) As a result, disqualifying counsel "would have little or no effect upon the nature and extent of his participation in the action," because he would be appearing as both advocate and witness in the action regardless. (See id., citing Stuart v WMHT Educ. Telecom., Inc., 195 AD2d 918, 919 [3d Dept 1993] [same].) Storobin is not himself a party to this action.