■ ANNA KOZAN, Respondent-Appellant, v WILLIAM LEVIN et al., Appellants-Respondents, et al., Defendant.—Cross appeals (1) from an order of the Supreme Court at Special Term, entered March 6, 1975 in Sullivan County, which granted summary judgment in favor of plaintiff against defendant William Levin, denied summary judgment against defendant Dorothy Levin and denied defendants' motion for summary judgment and (2) from the judgment entered thereon. Prior to July 29, 1965, the then owner of mortgaged premises defaulted on the first mortgage by failing to pay the monthly installments thereunder and taxes and water charges. Plaintiff and one Rosenberg, the holders of the first mortgage, commenced a foreclosure action. Defendant William Levin was the holder of a second mortgage. On July 29, 1965, the premises were conveyed to Levin's wife, defendant Dorothy Levin, in her maiden name. On that same day the parties executed a written contract whereby plaintiff agreed to forbear foreclosure, the indebtedness secured by the mortgage was extended and modified, and defendants William and Dorothy Levin agreed to cure the mortgage default and make the monthly payments under the mortgage. Defendants paid all defaults and thereafter made the monthly installments under the mortgage until April of 1974. The present action was brought to recover moneys due and owing by defendants under the terms of the July 29, 1965 agreement. Special Term found that the contract was not ambiguous and constituted an assumption of the mortgage by defendants. It granted summary judgment against defendant William Levin, but denied it as to Dorothy Levin on the ground that it was based on an unpleaded affirmative defense. Judgment was entered thereon against defendant William Levin for damages assessed at $44,821.67, plus interest and costs. The present cross appeals ensued. In our opinion, Special Term properly construed the agreement. It is from the terms of the complete extension

agreement that we derive the intent of the parties. Whatever the intent of the parties prior to its execution, after it was entered into, it provided in clear and unequivocal langauge that defendants agreed to pay the monthly installments as provided by the mortgage, and further to carry out the terms and conditions of the mortgage note and mortgage. The construction of the contract is, therefore, a question of law *(Stone v Goodson,* 8 NY2d 8, 13), and circumstances extrinsic to the document may not be considered. *(Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460.) We find no merit in the contention that the use of words such as "guaranty" and "personally liable" in connection with the arrears and future taxes and water charges to be paid and the failure to use such language with reference to the payment of future monthly installments creates an ambiguity as to the intent of the parties. An agreement to pay the monthly installments under a mortgage with specific reference to the mortgage note and mortgage can be construed only as an assumption of such mortgage. Defendant Dorothy Levin raises a Statute of Frauds defense under section 5-705 of the General Obligations Law. Whether that statute applied to Dorothy Levin under the circumstances herein presents a question of law. Upon the extension and modification of the indebtedness secured by the first mortgage, defendant Dorothy Levin's promise to pay the monthly installments and to carry out the terms and conditions of the mortgage note and mortgage, except as specifically modified by the agreement, with a specific reference to such mortgage, at a time when she was fully aware of the mortgage and its terms, was, in our opinion, tantamount to an assumption and agreement to pay such mortgage debt and sufficient to fulfill the requirements of the third sentence of section 5-705. The statute, therefore, does not apply. The documentary evidence thus establishes that there is no triable issue, and summary judgment should have been granted against defendant Dorothy Levin. Judgment and order modified, on the law, so as to grant summary judgment to plaintiff against defendant Dorothy Levin, and, as so modified, affirmed, with costs to plaintiff against defendants Levin. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.