■ CONNELLY & BLITZER REALTY, INC., et al., Appellants, v ALLEN D. ELWYN et al., Respondents, et al., Defendants. — Casey, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 22, 1984 in Ulster County, which denied plaintiffs' motion for summary judgment.

This declaratory judgment action arises out of a dispute as to the original amount of the principal secured by a bond and mortgage executed by defendants Gerard and Ilene Connelly, as purchasers of the real property to be encumbered by the mortgage in favor of defendants Allen and Kathleen Elwyn, the sellers of the real property. Plaintiffs are subsequent purchasers who have taken the property subject to the mortgage and have assumed the obligation of the bond. Special Term concluded that the sales contract and the bond and mortgage are ambiguous and that a question of fact exists as to the intent of the parties concerning the principal amount of the debt secured by the mortgage. We disagree.

The mortgage and bond, a single instrument, states the indebtedness as $126,000, to be paid in equal monthly payments of $1,050 commencing July 15, 1978 with the last payment due June 15, 1988 (120 payments of $1,050, for a total of $126,000).

The instrument further provides: "Each payment made herein shall be applied first to interest at the rate of 8½% per annum and the remainder to principal. The said $126,000.00 is inclusive of interest."

As is the case with any contract, a bond and mortgage instrument must be construed in accordance with the parties' intent, as expressed by the language they chose to employ, and where that language is clear and unambiguous, it must be given effect in determining that intent (*Brayton v Pappas*, 52 AD2d 187, 188). In the absence of any ambiguity in the language used by the parties in the mortgage and bond, construction of the instrument is a question of law and circumstances extrinsic to the document may not be considered (*Kozan v Levin*, 50 AD2d 663, 664). We find no ambiguity in the language chosen by the parties to the bond and mortgage, which specifically provides that each of the monthly payments shall be applied first to interest at 8½% per annum, with the remainder applied to principal, and that the $126,000 figure referred to as the indebtedness includes interest. If any ambiguity could be said to exist in this language, we would need to look no further than the sales contract to dispel any uncertainty as to the parties' intent. An addendum to that agreement provides, in relevant part: "28. It is the intention of the parties that the purchase price of $126,000.00 and the payments of $1,050.00 per month shall reflect principal and interest together, the interest of 8½% per annum, and the $126,000 reflects the total principal and interest to be paid as the purchase price. The said purchase price of $126,000.00 shall be inclusive of the combined total of principal and interest at 8½% per annum, to be paid to the sellers pursuant to the terms of this Agreement. It is the intention of both parties that the purchaser shall not pay to the seller any sums in excess of $126,000.00 including principal and interest."

The sellers claim that the original intention of the parties to the bond and mortgage was that the sellers would receive $126,000 of principal in 120 equal monthly payments of $1,050 with no interest, and they further allege that the language concerning interest contained in both the sales contract and the bond and mortgage was inserted for tax purposes. These allegations, which constitute circumstances extrinsic to the documents and seek to vary the clear and unambiguous language used by the parties in the documents, may not be considered (*see, Teitelbaum Holdings v Gold*, 48 NY2d 51, 56).

The record contains an amortization schedule, the accuracy of which is not in dispute. The schedule establishes that a payment plan of 120 equal monthly payments of $1,050, inclusive of

interest at 8½% per annum and principal, is based upon an original principal of $84,687.19. Thus, plaintiffs are entitled to a judgment declaring that the original amount of the principal secured by the subject bond and mortgage is $84,687.19 and that the current principal balance can be determined by reference to the amortization schedule contained in the record.

Plaintiffs also contend that the bond and mortgage instrument authorizes payment of the entire principal balance before the end of the 10-year term, but we do not pass on this issue since it is not properly before us.

Order reversed, on the law, with costs, and motion granted to the extent that judgment is granted to plaintiffs declaring that the original amount of the principal secured by the bond and mortgage, dated March 29, 1978, between defendants Connelly and defendants Elwyn is $84,687.19, and that the current principal balance can be determined by reference to the amortization schedule contained in the record herein. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.